# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL STELIOS ANDREAKOS ) | |
| ) | Civil Action No. 14-1125 |
| Plaintiff, ) | District Judge Cohill |
| ) | |
| v. ) | |
| ) | Chief Magistrate Judge Lenihan |
| DEPARTMENT OF THE INTERIOR, ) | |
| UNITED STATES SENATE, ) | |
| And NORTHRUPP GRUMMAN ) | |
| AVIATION, ) | ECF No. 3 |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint (ECF No. 3) be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i)(ii) and (iii), because the action is frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.

### II. REPORT

A. <u>Procedural Background and Facts</u>

Plaintiff, Earl Stelios Andreakos ("Plaintiff") commenced this pro se civil action by filing a motion to proceed in forma pauperis on August 21, 2014. (ECF No. 1.) The motion was granted on August 29, 2014. (ECF No. 2.) Plaintiff is presently incarcerated at the Hillsborough County Jail in Tampa, Florida. On a Civil Rights Complaint Form, Plaintiff appears to allege that his intellectual property was stolen by Defendant Northrupp Grumman Aviation ("Defendant Northrupp") and improperly sold to Defendants Department of the Interior, and the

United States Senate (collectively "United States government Defendants"). Specifically, Plaintiff avers that as a juvenile in 1976, when he was in seventh grade, he produced the designs and concepts in the Scribner Middle School Library, during Study Hall, relating to the original B-2 Bomber, the Delta Stealth Fighter, and the Predator Drone upside down V Tail Plane. (ECF No. 3 at 8-9.)

Plaintiff seeks vehicle title for the first B-2 built, acknowledgement for the concept, and $100,000,000.00 "Euro" from the United States government Defendants. Plaintiff also seeks $500,000,000.00 "Euro" from Defendant Northrupp "and or unknown owner of intel[l]ectual property." (ECF No. 3 at 10.)

Plaintiff filed an almost identical civil action in the United States District Court for the Middle District of Florida, Tampa Division, on December 6, 2013. *Andreakos v. Dep't of Interior*, No. 13-3098 (M.D. Fla. filed Dec. 9, 2013). There, the docket sheet reflects that Plaintiff named the Department of the Interior, and the Executive Branch of the United States government. On January 21, 2014, United States District Judge Steven D. Merryday dismissed Plaintiff's civil rights complaint with prejudice. *Andreakos v. Dep't of Interior*, No. 13-3098, slip op. at 1-2 (M.D. Fla. Jan. 21, 2014). Judge Merryday noted that Plaintiff's complaint alleged that "the United States stole his intellectual property without compensation," and that the complaint comprised "a series of fanciful allegations, specifically that the 'entire B-2 bomber concept' is the same as one that he drafted when in the seventh grade in 1974." *Andreakos v. Dep't of Interior*, No. 13-3098, slip op. at 1 (M.D. Fla. Jan. 21, 2014). In dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge Merryday concluded that "[t]he alleged theft of intellectual property asserts no violation of a civil right that allegedly occurred within the Middle District of Florida within the past four years." *Andreakos v. Dep't of Interior*, No. 13-

3098, slip op. at 2 (M.D. Fla. Jan. 21, 2014). In addition, the court noted that the complaint failed to invoke the court's subject matter jurisdiction because of the doctrine of sovereign immunity. *See id.* (quoting *F.D.I.C. v. Meyer,* 501 U.S. 471, 475 (1994)).

B. Legal Standards

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

The Court must also review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff's claims do not appear to arise from an incarceration[1], the amendments to the PLRA codified at 28 U.S.C. § 1915 apply to incarcerated individuals who have been granted in forma pauperis ("IFP") status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that federal in forma pauperis statute is not limited to prisoner suits). Pursuant to 28 U.S.C. § 1915(a), Plaintiff is eligible for and has been granted leave to proceed in forma pauperis. (ECF No. 2.) Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e)(2)(B).

---

[1] Although Plaintiff's address of record reflects that he is presently incarcerated at Hillsborough County Jail in Tampa, Florida, he does not appear to be alleging that his claims arose while incarcerated, or as a result of his incarceration.

Pertinent to the case at bar is the authority granted to federal courts for the sua sponte dismissal of claims in IFP proceedings. Specifically, § 1915(e)(2)(B) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss any action that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.,* 453 F. App'x 208, 210 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.")(citing *Neitzke*, 490 U.S. at 325). Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke,* 490 U.S. at 327)).

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "To the extent that a complaint filed in forma pauperis which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915[(e)(2)] both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

C. Analysis

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint contain a short and plain statement setting forth (1) the basis for the court's jurisdiction, (2) the claim or claims showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Although there is not a heightened pleading standard in § 1983 cases, pro se plaintiffs must sufficiently allege a deprivation of a right secured by the Constitution. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).

Plaintiff fails to set forth sufficient factual statements showing that he is entitled to relief on a civil rights claim. Although Plaintiff filed this action on a Civil Rights Form, and checked the Civil Rights box on the Civil Cover Sheet, Plaintiff's averments do not suggest a civil rights violation.

Similarly, on the Civil Cover Sheet, Plaintiff checked multiple boxes indicating that the suit involved copyrights, patent and trademark. Plaintiff, however, has averred no facts to suggest that a patent, copyright or trademark is involved in the facts and circumstances giving rise to this cause of action.

5

Instead, Plaintiff's averments that he produced the designs and concepts relating to the original B-2 Bomber, the Delta Stealth Fighter, and the Predator Drone upside down V Tail Plane in 1976 suggest that any claim he may have is time-barred.

Further, as to any of the above claims, or any possible state law claims, Plaintiff has made no averments that his cause of action arose in Pennsylvania, or that Plaintiff or any of the Defendants are residents of Pennsylvania. It is unclear to this Court why Plaintiff has chosen the United States District Court for the Western District of Pennsylvania to refile the almost identical action dismissed in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1915 (e)(2)(B).

In addition, any claim Plaintiff may have against the United States government Defendants is barred by the doctrine of sovereign immunity. The United States Supreme Court has indicated the following:

> Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank,* 486 U.S. 549, 554 (1988). *Federal Housing Administration v. Burr,* 309 U.S. 242, 244 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586 (1941). *See also United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("it is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

*F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) (parallel citations omitted). The facts as averred by Plaintiff do not suggest that the United States has consented to suit, or that any waiver would apply. That is, Plaintiff does not suggest that the United States government Defendants acted negligently or intentionally in allegedly depriving Plaintiff of his intellectual property.

Finally Plaintiff's claims are frivolous. That is, they lack an arguable basis in fact. The factual contentions that Plaintiff produced the designs and concepts relating to this advanced technology while he sat in the library in the seventh grade are fanciful at best. He does not aver that documentary evidence of these plans exists.

Therefore, this Court will not grant Plaintiff leave to amend because any attempt to amend would be futile for all the reasons discussed above.[2]

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i)(ii) and (iii), because the action is frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall

---

[2] Generally, when a complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the plaintiff should be given leave to amend the complaint with directions as to how to cure the deficiencies, "unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment." *Warren v. Bush*, Civ. A. No. 2:08-cv-00376, 2008 WL 3876885, at * 1 (D. Nev. Aug. 18, 2008) (citing *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995)). *See also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding that in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile.)

have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: September 16, 2014

                                                      s/Lisa Pupo Lenihan
                                                      LISA PUPO LENIHAN
                                                      Chief United States Magistrate Judge

cc:      Earl Stelios Andreakos
         529132
         Hillsborough County Jail
         520 Gaulkenberg Road
         Tampa, FL 33619